GEORGE F. HOLMES, administrator of John Tenney, *vs.*
EDWARD P. BROOKS, surviving partner.

Cumberland.    Decided September 14, 1878.

*Evidence.    Limitations,—statute of.*

R. S., c. 82, § 87, provides that where the legal representative of a deceased
person is a party, h e may testify to any facts, legally admissible upon the gen-
eral rules of evidence, happening before the death of such person. *Held,* that
the surviving partner, who gives bond under R. S., c. 69, § 2, and is afterwards
sued upon a note of the firm, is not, therefore, a representative of his deceased
partner, and as such entitled to testify to facts happening before his decease,
within the provisions of c. 82.

The defendant, residing in Maine, gave his unwitnessed promissory note in
1868 to the plaintiff's intestate, residing in Vermont, who died in 1869, and his
administrator was there appointed in 1870, but no administration was taken out
in Maine till the appointment of the plaintiff in 1877, who commenced this suit
in 1878. *Held,* that the suit was not barred by the provision (of R. S., c. 81, §
88) that "an action may be commenced by an administrator within two years
after his appointment, and not afterwards if barred by other provision;"
although administration had been taken out on the estate in Vermont more than
two years before the commencement of the action.

ON EXCEPTIONS from the superior court.

ASSUMPSIT on this note:  "$1,289.63.  For value received we
promise to pay John Tenney, or order, twelve hundred eighty-
nine dollars sixty-three cents on demand, with interest annually.
Portland, Maine, May 26th, 1868.    O. M. & E. P. Brooks."

Plea, general issue, with a brief statement of the statute of
limitations, and that the note was given by the other partner in
the defendant's firm for his own private debt without the defend-
ant's knowledge or consent.

The case was commenced January 16, 1878, entered at the next
March term, and tried at the April term by the justice without
the intervention of a jury, subject to exceptions in matters of
law.

It appeared from admissions that, at the time of the date of
the note, John Tenney, the payee and plaintiff's intestate, lived
at Waterbury, Vermont, and continued to reside there until his
decease, January 5, 1869 ; that within one year thereafter one

Dillingham was appointed administrator of his estate in Vermont, and that no administrator of his estate was appointed in Maine until the plaintiff was appointed, September 4, 1877; that the defendant's firm, consisting of himself and Oliver M. Brooks, resided and were in business at Portland, Maine, at the time of the date of the note, and until the death of O. M. Brooks, November 2, 1874; and that since then the defendant has continued to reside there; that the name of the firm was signed to the note by the deceased partner; and that the defendant has filed his bond as surviving partner under R. S., c. 69.

The defendant offered himself as a witness, generally, in the cause, and to show that the note was given for the private debt of O. M. Brooks, without his knowledge or consent.

The presiding justice ruled: 1. That the defendant was not competent as a witness generally, as to facts happening before the decease of the plaintiff's intestate, the plaintiff not having testified thereto. 2. That, upon the foregoing admitted facts, the plaintiff's action upon the note was not barred by the statute of limitations.

The defendant alleged exceptions.

*H. C. Peabody*, for the defendant.

*A. A. Strout & G. F. Holmes*, for the plaintiff.

APPLETON, C. J. This is an action upon a promissory note, given by the firm of O. M. & E. P. Brooks to the plaintiff's intestate. It is brought against the defendant as surviving partner. The defendant, as such partner, gave the bond required by R. S., c. 69, § 2.

The judge of the superior court ruled that the defendant was not competent as a witness generally, as to facts happening before the decease of the plaintiff's intestate, the plaintiff not having testified thereto. The defendant excepted to this ruling, on the ground that, as a party, he was the "legal representative of a deceased person," to wit, his partner, and, as such, was entitled to testify to facts happening before his decease, within the provisions of R. S., c. 82, § 87, and c. 145 of the acts of 1873.

The ruling was correct. The defendant is sued in his own

name. He represents only himself. The judgment is against him as an individual, and not against him in any representative capacity. He is not the representative of a deceased person, and can claim no rights as such.

The plaintiff was appointed administrator in Maine on the estate of John Tenney, of Waterbury, Vermont, on September 4, 1877, and commenced this suit January 16, 1878. It is brought within two years after his appointment, and is not barred by R. S., c. 81, § 88.

*Exceptions overruled.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.